**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                                    Criminal No. 20-232(1) (JRT/JFD)

                Plaintiff,

v.

                               **ORDER DISMISSING PETITION**
RUSSELL JASON RAHM,                    **OF MICAH FOSTER**

                Defendant,

and

MICAH J. FOSTER,

                Petitioner.

Defendant Russell J. Rahm pled guilty to conspiracy to commit mail fraud. As part of Rahm's plea agreement and the Court's Preliminary Order of Forfeiture, the property at 10505 South Highland Lane, Olathe, KS (the "Property") is subject to forfeiture. Petitioner Micah J. Foster asserts an interest in the Property, and the Government moves to dismiss Foster's Petition. The Court will grant the Government's motion to dismiss Foster's Petition because the Court finds that Foster's Petition is based on an invalid lien, and, even if Foster's lien was valid, the Government's interest vested first.

**BACKGROUND**

Rahm agreed to forfeit the Property when he pled guilty to participating in a large telemarketing fraud scheme involving magazine subscription sales. (Plea Agreement, Dec. 8, 2022, Docket No. 1364.) Following Rahm's plea, the Court issued a Preliminary

Order of Forfeiture, which included the Property, on November 7, 2024. (Docket No. 2691.) The Notice of Criminal Forfeiture was posted for thirty consecutive days beginning on both January 4, 2025, and March 26, 2025. (Decl. Publication, June 6, 2025, Docket No. 2978.)

On September 19, 2025, Foster filed a Petition asserting an interest in the Property. ((Pet. Asserting Interest Property ("Petition") at 1, Sept. 19, 2025, Docket No. 3031.) The Petition indicates that it was executed on August 19, 2025, but it was not received by the Clerk's Office until September 19, 2025. (*Id.*) The Petition includes a copy of a General Partnership Agreement for "Russel [sic] J Rahm AKA SafeLife and Micah J Foster" dated October 18, 2018, indicating that Foster and Rahm formed a partnership, listing its principal place of business as the Property. (*Id.*, Ex. A (the "Agreement").)[1] The Petition further included an unrecorded[2] Lien Statement, dated May 3, 2025. (*See id.*) The Government moves to dismiss Foster's Petition. (Mot. Dismiss Petition of Micah Foster, Nov. 5, 2025, Docket No. 3046.) Foster argues he should be granted a hearing on the facts

---

[1] The Agreement identifies the "principal place of business" as "10505 N. Highland Lane Olathe, Kansas 66061" (Agreement at 1) which the Court assumes was intended to refer to the Property (at 10505 **South** Highland Lane).

[2] The Lien Statement was recorded on May 5, 2025, and a copy of the recorded lien statement was provided by the Government. (*See* Decl. of Craig R. Baune, Ex. A. Nov. 5, 2025, Docket No. 3049-1.) The Court further notes that both the recorded and unrecorded Lien Statement recite the address of the property as "10505 **North** Highland Lane" (*id.* (emphasis added), which is not the same address submitted in Foster's Petition (Petition at 1 ("10505 **S.** Highland Lane) (emphasis added)).

related to ownership, and the Government argues that Foster's petition is appropriate for dismissal.

## DISCUSSION

## I.    STANDARD OF REVIEW

"When a third party files a petition claiming a superior interest in property subject to a criminal forfeiture order, the petition commences an ancillary proceeding that incorporates certain procedures prescribed by the Federal Rules of Civil Procedure[.]" *United States v. Mills*, 18 F.4th 573, 576 (8th Cir. 2021).  "[T]he third party must prove, by a preponderance of the evidence, that he or she has an ownership interest in the property that is superior to the government's forfeiture claim . . . ." *Id.*  Further, "a court must first look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) (internal citation omitted).

Federal Rule of Criminal Procedure 32.2(c)(1)(A) authorizes the dismissal of a forfeiture petition in an ancillary proceeding for "lack of standing, for failure to state a claim, or for any other lawful reason."  For the purposes of a motion to dismiss, "the facts set forth in the petition are assumed to be true."  *White*, 675 F.3d at 1077.  "If a third party fails to allege in its petition all elements necessary for recovery, including those related to standing, the court may dismiss the petition without providing a hearing." *Id.* (internal citation omitted).

## II.    LACK OF STANDING

The Court may dismiss a petition in an ancillary forfeiture proceeding that fails to establish standing.  *See* Fed. R. Crim. P. 32.2(c)(1)(A) (authorizing dismissal of a forfeiture petition for lack of standing).  To establish standing, "a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property[.]"  *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007).  "An ownership interest sufficient for Article III standing can be shown by actual possession, control, title, and financial stake."  *White*, 675 F.3d at 1078 (citation modified).

While Foster presented evidence that he entered into a General Partnership Agreement and that the partnership used the Property as its principal place of business (Agreement at 1), Foster did not present any evidence that the agreement gave him any interest in the Property.[3]

Although a valid lien could provide the required property interest, the Agreement provides no evidence to justify the claimed lien.[4]  For example, the Agreement did not

---

[3] Foster argues that because the partnership formed by the Agreement "used the Property as its principal place of business and Petitioner's contributions maintained it, his interest vested in 2018." (Pet.'s Mem. Opp. Pl.'s Mot. Dismiss, at 7, Nov. 24, 2025, Docket No. 3060.) But neither use nor maintenance create the required ownership or possessory interest under Kansas law.

[4] Foster provided no other evidence in his petition or initial brief to support his claim.  The Court declines to consider Foster's untimely supplemental brief.  (*See* Pet.'s Supp. Brief Opp. to Mot. Dismiss & Surreply to Memorandum, Mar, 23, 2026, Docket No, 3114.)  This brief was filed without leave and more than three months after the regular briefing had concluded. Additionally, Foster had already filed a response to the government's reply on December 18, 2025.  (Docket No. 3069.)

authorize a lien against the Property, nor does the Agreement indicate the Property was the partnership's property.

Because Foster did not have a valid lien, he fails to establish an ownership interest sufficient for Article III standing. *See* Fed. R. Crim. P. 32.2(c)(1)(A). For this reason, the Court will dismiss Foster's petition.

## III.    THE GOVERNMENT'S INTEREST

Failure to state a claim in an ancillary proceeding is grounds for dismissal. Fed. R. Crim. Pro. 32.2(c)(1)(A). A petitioner can only prevail in an ancillary proceeding if the petitioner can prove by preponderance of the evidence that he has an ownership interest in the property that is superior to that of the defendant "at the time of the commission of the acts which gave rise to the forfeiture or that [petitioner] is a bona fide purchaser for value."[5] *See Mills*, 18 F.4th at 576 (quoting 21 U.S.C. § 853(n)(6)) (citation modified).

Even if Foster had a valid lien—which, as described above, he did not—the Government's interest vested before the lien was recorded, making the government's ownership interest in the property superior to that of Foster.

Because Foster's lien was recorded in Kansas (*see* Decl. of Craig R. Baune, Ex. A., Nov. 5, 2025, Docket No. 3049-1 (providing a copy of the recorded lien)), the Court looks to Kansas law to determine when and whether Foster has a valid interest. *See White*, 675 F.3d at 1078. Kansas law provides that a "lien shall be effective from the time at which

---

[5] Foster does not allege that he is a bona fide purchaser for value.

the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment."  Kan. Stat. § 60-2202(a).  Because Foster's lien was not recorded until May 5, 2025, after the Preliminary Order of Forfeiture was issued on November 7, 2024 (Docket No. 2691), the Government's interest vested before Foster's.  Thus, Foster's request for a hearing on any factual issues is moot. Foster's Petition will, accordingly, be dismissed.

## CONCLUSION

Because Foster's Petition is based on an invalid lien, and, even if Foster's lien was valid, the Government's interest vested first, the Court will grant the Government's Motion to Dismiss Foster's Petition.

The Court will also deny Foster's recently filed "Motion to Produce" (Docket No. 3116), seeking an inventory of all assets seized.  Any records to which Foster, as a third party petitioner, requires access are available on the public docket.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The United States' Motion to Dismiss Petition of Micah J. Foster (Docket No. [3046]) is **GRANTED**.

2. Petitioner Micah J. Foster's Third-Party Petition of Interest (Docket No. [3031]) is **DISMISSED**.

3. Petitioner Micah J. Foster's Motion to Produce (Docket No. [3116]) is **DENIED**.

-6-

-7-

DATED:  April 9, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                 United States District Judge